IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                           Case No. 4:16-cr-00117 KGB

OCTAVIOUS TAJUAN STOVALL                                                                    DEFENDANT

**ORDER**

Before the Court is defendant Octavious Tajuan Stovall's *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 68). The government responded in opposition to the motion (Dkt. No. 72). For the following reasons, the Court denies Mr. Stovall's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 68).

**I.       Background**

On November 28, 2017, Mr. Stovall pled guilty to counts one through four of the indictment, charging distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) (Dkt. No. 25). On June 11, 2018, this Court sentenced Mr. Stovall to 120 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 54, 55).[1]

In the pending motion, Mr. Stovall states that he should be granted compassionate release and relies primarily on what he terms exemplary rehabilitation, his medical conditions of obesity and hypertension, and the risks of contracting COVID-19 in an institutional setting (Dkt. No. 68, at 5). Mr. Stovall acknowledges that he has a significant amount of time remaining on his sentence, but he seeks this relief for reasons he explains in his motion and incorporated brief (*Id.*, at 8). He explains that he has participated in extensive education and rehabilitation programming and has

---

[1] The Honorable J. Leon Holmes received Mr. Stovall's plea and sentenced him. After Judge Holmes's retirement, this case was reassigned (Dkt. No.69).

not had a disciplinary incident since his arrival at the BOP (*Id.*, at 12). He provides certain of his medical records to support his arguments regarding his medical conditions (*Id.*, at 11). He seeks the appointment of a lawyer (*Id.*, at 17).

Mr. Stovall states that he requested relief from the Warden and that the Warden denied his request (*Id.*, at 20-21). Therefore, Mr. Stovall petitions this Court. The government does not contest this Court's jurisdiction to resolve the motion. Instead, the government argues that compassionate release is not warranted in this case (Dkt. No. 72).

**II.     Discussion**

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Stovall seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Stovall's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies Mr. Stovall's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal

3

illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Stovall asserts that he has serious medical conditions that make him more susceptible to suffering serious illness or death if he were to contract COVID-19. Mr. Stovall is 41 years old, is obese, and has been diagnosed with hypertension. He also is vaccinated against COVID-19.

The government argues that, even if Mr. Stovall has a diagnosed medical condition recognized currently by the Centers for Disease Control ("CDC") as a risk factor associated with higher risk for contracting or being unable to recover from COVID-19, Mr. Stovall does not meet the remaining criteria for compassionate release because he poses a danger to the community if he were to be released and cannot satisfy the 18 U.S.C. § 3553(a) factors this Court is to consider (Dkt. No. 72, at 5).

In the Court's assessment, Mr. Stovall meets neither the minimum age requirement nor the served-time requirement under the Guideline. Further, the Court determines that, on the record presented, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release. The Court recognizes Mr. Stovall's circumstances and concerns. However, these circumstances and

concerns, taken alone or together with his medical concerns, do not present "extraordinary and compelling" reasons for release.

Even if Mr. Stovall could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. The Court recognizes that Mr. Stovall has participated in programming while in the BOP to aid in his rehabilitation and has not received disciplinary charges while in the BOP, based on his representations. Considering the record as a whole, the Court considers those factors argued by Mr. Stovall along with the nature and circumstances of the offense, the history and characteristics of Mr. Stovall, and protecting the public from additional crimes by Mr. Stovall. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c). After considering the parties' arguments, their filings, and the applicable legal authorities, the Court denies the motion.

### III.   Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Stovall's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 68).

It is so ordered this 7th day of January, 2022.

_____
Kristine G. Baker
United States District Judge